IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 03-00141 DAE |
| Plaintiff, ) | DECLARATION OF COUNSEL |
| v. ) | |
| RICHARD HARRIS, ) | |
| Defendant. ) | |

DECLARATION OF COUNSEL

I, Glenn Choy, declare that:

1. Declarant is the attorney for RICHARD HARRIS in the captioned matter; Defendant is presently confined at the Federal Detention Center [FDC] Honolulu;

2. Sentencing is scheduled for February 6, 2006 at 3:00 p.m.

3. The Court granted a previous request to continue sentencing to enable Defendant to complete GED course work at FDC;

4. On information and belief, Declarant further states:

   a. Defendant, still detained at FDC Honolulu, is enrolled in the Work Place Essential Skills Reading; after completion of that course, Spanish language and Parenting classes will be offered to Defendant; Defendant anticipates completion of said courses in July 2006;

   b. Defendant desires to take and complete

all three mentioned courses, to better himself, and to apply upon his release from detention; see Exhibit, letter from Defendant;

        c.  Defendant is well-spoken, and displays a desire and motivation to engage in intellectual study and self-improvement;

    5.  A continuance will enable Defendant to engage in course work that will help him substantially in his pursuit of self-improvement and will reinforce his pro-social skills and motivations;

    6.  Further basis for the instant request stems from the issuance of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004) subsequent to trial herein, which occurred October 1 to 3, 2003; Crawford reaffirmed the defendant's right provided under the Sixth Amendment to confront his accuser; the Supreme Court stated in unqualified and plain terms that "Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 124 S.Ct. at 1374;

    7.  Declaration did not serve as trial counsel, but on information and belief states that at trial herein on a bank robbery charge, the victim teller did not identify Defendant as the perpetrator; identification was made via an HPD detective, who testified that the victim teller made prior identification of Defendant during the viewing of a photo array;

    8.  Declarant, a CJA attorney, requested trial transcripts via a voucher dated November 7, 2005 but has yet to receive said transcripts; Declarant's fuller assessment of the application of Crawford and its possible implication herein thus awaits receipt of the transcript;

9.  A continuance of sentencing is thus requested to afford Defendant adequate time to assess the propriety of a motion for new trial based on Crawford;

10. Declarant has spoken with Assistant U.S. Attorney Wes Reber Porter regarding the instant request; Mr. Porter led Declarant to believe that he was opposed to the instant motion;

11. The instant request is not intended as a means of delay; a continuance of sentencing is requested in good faith for the foregoing reasons, which implicate Defendant's efforts at self-improvement and his constitutional trial rights;

I DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON JANUARY 25, 2006.

_____
Glenn Choy
Attorney for Defendant