EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON         #4532
Chief, Major Crimes

WES REBER PORTER          #7698
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:   wes.porter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA


                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII


UNITED STATES OF AMERICA,    )   Cr. No. 03-00141 DAE
                             )
            Plaintiff,       )   GOVERNMENT'S OPPOSITION TO
                             )   DEFENDANT'S SECOND MOTION TO
       vs.                   )   CONTINUE SENTENCING;
                             )   CERTIFICATE OF SERVICE
RICHARD HARRIS,              )
                             )
            Defendant.       )   JUDGE:    David Alan Ezra
                             )
_____)

           GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND
                 MOTION TO CONTINUE SENTENCING

          The United States herein opposes Defendant Richard

Harris' Second Motion to Continue Sentencing.  The Defendant is

presently set to be sentenced on February 6, 2006 before this

Honorable Court.  After a jury found him guilty in a straight-

forward bank robbery trial in October of 2003 and countless

continuances, the defendant again moves to continue sentencing the week before the hearing.  Both in his last motion and in his second motion, the defendant has failed to raise a legitimate reason to continue sentencing.  Accordingly, his motion must be denied.

After his October 6, 2003 guilty verdict, the following sentencing dates have been set for this matter: 6/28/04, continued to 8/13/04, continued to 11/4/04, continued to 7/5/05, and finally, continued to 2/6/06.  As the Court knows, many of the initial continuances occurred while the law was developing after the Supreme Court's decisions in *Blakely,* and then *Booker*. These continuances were stipulated by the parties.

Approaching his July 5, 2005 sentencing date, counsel for the defendant requested yet another stipulation to continue sentencing.  After learning the reason and because of time elapsed since the trial, the government would not so stipulate and the defendant filed a motion to continue.  In his first motion to continue filed on May 31, 2005, he claimed that he needed to finish his G.E.D. in "December 2005" prior to being sentenced.  The Court granted his motion to continue allowing him to finish his G.E.D. at FDC Honolulu; all other federal facilities, however, have G.E.D. courses.  The sentencing date was moved to February 6, 2005.

Not until a week before the scheduled sentencing date, the defendant files his second motion claiming that he is now enrolled, would like to complete, "Work Place Essential Skills Reading" and then he *plans to enroll* in Spanish and Parenting classes thereafter.  These types of courses are offered throughout the Bureau of Prisons and are clearly pretext for whatever reason the defendant wishes to remain here in Honolulu. The defendant's educational goals, while admirable, are not a reason to further continue his sentencing years after his guilty verdict.  This Honorable Court will undoubtedly order educational and vocational opportunities for the defendant *at sentencing*.

The defendant also alludes to a need for a continuance so that he may file a motion for a new trial.  This reason is similarly without merit.  The defendant has already moved for a new trial ***after the verdict*** on the precise issue he wishes to raise with the Court again.  This Court will recall that the defendant, as part of his effort to avoid apprehension and then as part of his defense at trial, radically changed his appearance after the subject bank robbery.  The defendant had "dread locks" style hair for years before the robbery and shaved his head shortly thereafter.  As opposed to in-court identification, the victims identified the defendant using photographic line-ups depicting the defendant as he appeared at the time of the robbery.  The HPD detective then identified the defendant (in-

court) as the man depicted in the photographs.

The defendant moved for a new trial after the guilty verdict claiming that the victims did not identify him in court. The government responded in writing to the defendant's motion for a new trial citing <u>United States v. Alexander</u>, 48 F.2d 1477, 1490 (9th Cir. 1995).  In <u>Alexander</u>, the Ninth Circuit held that an in-court identification by a witness is not necessarily required, because "[i]dentification can be inferred from all the facts and circumstances that are in evidence."  <u>Alexander</u>, 48 F.2d 1477, 1490 (9th Cir. 1995)(citing <u>United States v. Fern</u>, 696 F.2d 1269, 1276 (11th Cir. 1983 and <u>United States v. Weed</u>, 689 F.2d 752, 754 (7th Cir. 1982)).

Relying on <u>Alexander</u>, this Court issued an 8-page Order on October 23, 2003 denying the defendant's motion for a new trial.  The defendant now moves for a continuance to bring a second motion for a new trial years later based upon the same argument, yet citing the *2004* Supreme Court decision in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  In <u>Crawford</u>, the Supreme Court held that, where the government offers at trial hearsay evidence that is "testimonial" in nature, the Confrontation Clause of the Sixth Amendment requires actual confrontation, i.e., cross-examination, regardless how reliable the statement may be.  Here, the defendant was able to confront all witnesses against him at trial and there is no <u>Crawford</u> issue.

4

Accordingly, the defendant's second motion to continue must be denied.

DATED: January 27, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By___/s/ Wes Reber Porter____
    WES REBER PORTER
    Assistant U.S. Attorney

5

CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing document

was duly served upon the following person by faxing then mailing

said document on the date of filing:

        Glen Choy, Esq.
        735 Bishop Street
        Suite 322
        Honlulu, HI  96813

        Attorney for Defendant
        RICHARD HARRIS


        DATED:  January 27, 2006, at Honolulu, Hawaii.



                                /s/ Cheri Abing