IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO 03-00141 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S SECOND MOTION
TO CONTINUE SENTENCING

The Court heard Defendant's Motion on February 1, 2006. Assistant United States Attorney Wes Reber Porter appeared at the hearing on behalf of the Government; Glenn Choy, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Defendant's Second Motion to Continue Sentencing.

BACKGROUND

On October 6, 2003, a jury found Defendant Richard Harris ("Defendant") guilty of bank robbery. On October 10, 2003, Defendant filed a Motion for Judgment of Acquittal or New Trial. The Court issued an Order Denying Defendant's Motion on October 23, 2003.

Initially, Defendant was set to be sentenced on June 28, 2004. Since then, the sentencing has been continued four times - from June 28, 2004 to August 13, 2004, to November 4, 2004, to July 5, 2005, and finally to February 6, 2006. In the last continuance, the Court granted Defendant's Motion to Continue Sentencing filed on May 31, 2005 because of Defendant's desire to obtain his G.E.D. prior to being sentenced.

On January 25, 2006, Defendant filed a Second Motion to Continue Sentencing. Government Plaintiff United States of America ("Government") filed an Opposition to Defendant's Motion on January 27, 2006.

## DISCUSSION

Defendant moves for a second continuance of sentencing (although this is technically the fifth time the sentencing would be continued) for two purposes: 1) to complete the "Work Place Essential Skills Reading" course that he is currently enrolled in at the Federal Detention Center ("FDC") and to thereafter enroll in and complete Spanish Language and Parenting classes, with an anticipated completion in July of this year and 2) to afford Defendant adequate time to assess the propriety of a motion for new trial based on Crawford v. Washington, 541 U.S. 36 (2004).

Government counters that Defendant has failed to raise a legitimate reason to continue sentencing. Government argues that Defendant's desire to enroll in and complete courses at FDC are not reason to continue sentencing yet again because these types of courses are offered throughout the Bureau of Prisons. As to Defendant's claim that he needs a continuance in order to assess the propriety of a motion for new trial, Government states that such a claim is without merit because Defendant already moved for a new trial following the verdict on the very issue of confrontation, which the Court denied.

While it is admirable that Defendant seeks to further his education and parenting skills, this is not a basis upon which to continue his sentencing for the fifth time. Other federal facilities in the Bureau of Prisons offer these types of courses so Defendant's desire to enroll in and complete future courses at the FDC appears to be nothing more than an attempt to remain in Hawaii.

Secondly, the basis of Defendant's contemplated motion for a new trial is based on the same grounds as his first motion for a new trial, which the Court considered and denied on October 23, 2003. Defendant cites to <u>Crawford</u>, a case that was decided after his trial, for the proposition that he should have the opportunity to confront his accuser. Defendant argues that a Honolulu Police Department detective identified him via testimony that the victim teller identified

3

him in a photo array.  As Government properly points out and as discussed in the Court's October 23, 2003 Order, however, "[i]dentification can be inferred from all the facts and circumstances that are in evidence."  United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir. 1995).  Moreover, Defendant radically changed his appearance after the robbery, shaving off his "dread locks," and the victims identified Defendant based on his appearance at the time of the robbery by way of photographic line-up.

Because Defendant has not presented any arguments to the Court that warrant a fifth continuance of his sentencing, the Court denies Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Second Motion to Continue Sentencing.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 1, 2006.



_____
David Alan Ezra
United States District Judge

United States of America v. Richard Harris, CR. No. 03-00141 DAE; ORDER DENYING DEFENDANT'S SECOND MOTION TO CONTINUE SENTENCING