UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII


UNITED STATES OF AMERICA,
      Plaintiff,

V().                            Crim. No. 03-00141DAE

RICHARD HARRIS,
      Movant.


MEMORANDUM AT PUBLIC LAW/PUBLIC POLICY
IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY
APPLICATION PURSUANT TO 28 U.S.C. §2255 TO BE
CONSTRUED IN HARMONEY WITH THE COMMON LAW


MOTION

COMES NOW, Richard Harris (Not Sraw Man), pro se/pro per, respectfully moves this Honorable Court, pursuant to Title 18 U.S.C. §2255, to vacate, set aside, or correct sentence imposed by this court.


A.    NATURE OF CASE AND PROCEEDINGS BELOW

On March 28, 2003, a Federal Grand Jury returned an indictment charging defendant Richard Harris with committing bank robbery by force, violence and intimidation, in violation to Title 18 U.S.C. §2113(a).

1

Trial began on September 30, 2003. On October 6, 2003, a jury found defendant guilty.

On February 6, 2006, the court sentenced defendant to 125 months of incarceration, to be followed by three years of supervised released. Defendant was also ordered to pay restitution of 1,200 to City Bank, and a special monetary assessment of 100.

### B. FACTUAL SUMMARY

On December 12, 2002, at approximately 11:45 a.m., an African American male, approximately 6'10" tall, weighing 180-200 pounds, walked into the city bank, Kalihi Branch, located at 2119 King Street, Honolulu, Hawaii. The man was wearing sunglasses and a blue banana with white designs. The man had curly, black hair sticking out of the bandana. After entering the bank, the man went to a courtesy counter where the bank kept its transaction slips. The man waited in line for less than a minute for an open teller station. The man walked up to the teller Carmela Nakihei's window after she completed a transaction. He put his right hand in a small bag, and put it on the counter. The man leaned in toward Nakihei, and slipped a note across the counter with his left hand. The note had three lines, and began with the words: "I have a gun." Nakihei read the first line and froze. The man leaned in and told Nakihei to give him all her money, and not to say anything.
Nakikei opened her drawer, cleaned out the register, and gave the man all her money. The man put the money in his bag and ran out of

the bank. The man escaped with 11,201 in funds belonging to City Bank, a financial institution whose deposit were insured by the Federal deposit insurance corporation. When the man left, Nakihei ducked down behind the counter, and pressed an alarm which notified alert alarm.

Elizabeth Lallier, the City Bank Kalihi Branch manager, saw some of the foregoing events. Lallier was about an arms length away. At a station adjacent to Nakihei's teller window. Lallier saw the robber enter the bank and go to the courtesy counter. She also noticed the man at Nakiehei's teller station, after which she saw Nahihei drop to the floor crying. Lallier knew the bank had been robbed. She looked up and saw the man leave the bank through doors which fronted King Street. Lallier had a view of the man's profile, and saw that his hair was sticking out of a bandana. Lallier believed the man had clumps of hair in a dreadlocks style. Honolulu Police Department Officers responded to the bank and obtained a description of the man. Nakihei said the man had wavy hair. and Lallier said it was long. Both said the man's hair was in clumps. and that he was wearing a bandana.

I.              CONCISE RULE OF LAW/POLICY

                A.      JURISDICTION

1.      Whether one's name is one's property and one's name is to enjoy sui juris status?

                B.      FACT:

1.      Whether this name must be free of legal disability

3

resulting from some contract or commercial agreement which is in one course by a fellow sovereign or an agency of government?

2. Since this movant claims sui juris status. in connection with his property or his name. he requests that your agency. if it disputes the above status in connection with this name produce all diocuments <u>being held in due course</u>. See UCC 3-305.52 tha creates the loegal disability to the sui juris status relating to the name, Richard Harris?

C.   ISSUE:

1. Whether jurisdiction of the constitutional created United States District Court(s) operate upon one's name, (Property) sui juris statu??

D.   Rules:

1. Whether the United States District Court District of Hawaii, jurisdiction, operate on Common law jurisdiction, equity law jurisdiction, or admiralty/maritime law jurisdiction?

2. Whether the prosecution gave notice to the movant as to (controversy) which sets forth a claim to relief/remedy?

E.   ANALYSIS AND DISCUSSION:

1. Whether the Constitution for the United States of America primary purpose of improving the commercial relations among the States?

2. Whether the States of this Nation have exclusive jurisdiction of property and persons located within their borders, excluding such land and persons residing thereon which has been ceded to the United States.

       F. CONCLUSIONS:

 1. Whether the constitution (which is the Supreme Law of the Land) is intended for the cession of territory or of general jursidction to criminally prosecute offenses committed outside "its" jurisdiction?

       WHAT FOLLOWS

II.      DUE PROCESS

    A. DUE PROCESS CLAUSE:

 1. The Vth Amenendment pertaining to the federal government and the XIVt Amendment which protects persons from state actions, which a person is guaranteed fair procedures and substantive which protects a persons property from unfair government interference or tajking, in due course of claim to enjoy sui juris by movant?

      B. FACTS

 1. Whether the government's agent, prosecutor, in "due course of law", placed an agreement (contract) between movant and principal before the court?

 2. Whether the governments prosecutor produced documentary evidence in "due course of law," that created the legal disability to the sui juris status relating to the name Richard Harris?

      C. ISSUE:

 1. Whether the name, Richard Harris, was or in the Courts jurisdiction Quasi in Rem?

      D. RULES

 1. Whether in "due course of Law" jurisdiction of the United States District Court District of Hawaii proved to operate

upon the Movant?

   2.   Whether the prosecution brought forth to the Court in "Due course of Law" documentation establishing its jurisdiction over the Movant?

### E. ANALYSIS AND DISCUSSION

   1.   Whether in "Due course of Law" brought the commercial contract that was in controversy before the court?

   2.   Whether in "Due Course of Law" the government ceded jurisdiction from the state of Hawaii over property and persons located within its borders?

### F.   CONCLUSION

   1.   Whether the governments (prosecutor) produced documentary evidence in "due course of law, before the court evidencing the Court's jurisdiction to criminally prosecute offenses commited outside "its jurisdiction?"

### WHAT FOLLOWS.

III.      ASSISTANCE OF COUNSEL(s)

   A.   PLENARY ASSISTANCE OF COUNSEL(s):

   1.   Whether defense counsels assistance fell below the Strickland standard when failure to protect one's name is one's property which is constitution (organic) guarantee to enjoy sui juris status?

   B.      FACTS

   1.   Whether defense counsel's assistance fell below the Strickland standard when counsel did not protect movant from legal disability resulting from some contract or commercial agreement

which is being held in due course by a fellow sovereign or an agncy of government?

2. Whether the prosecutions assistance fell below the Strickland standard when counsel created the legal disability (dishonor) to the sui juris status relating to the name, Richard Harris?

### C. ISSUES

1. Whether Counsels' (defense and prosecutor) assistance fell below the Strickland standard, failed to give notice to movant that the jurisdiction of the constitutional created United States District Court(s) contrivance upon one's name (property)?

### D. RULES

1. Whether the counsels' (defense and prosecutor) assistance fell below the standard set by Strickland when they failed (as officers of the court) to put forth documentary evidence evidencing the court's jurisdiction over the movant?

2. Whether the prosecuting counsel's assistance fell below the Strickland standard when notice to the controversy which sets forth a claim's remedy and recouse was not made available to movant?

### E. ANALYSIS AND DISCUSSION

1. Whether the assistance of defense counsel fell below the Strickland standard when counsel failed to produce documentary evidence evidencing the commerical paper that bound movant to jurisdiction of the constitution created court of the United States of America?

2. Whether the prosecuting counsel's assistance fell below the Strickland stadard when counsel failed to give notice (disclosure) that under the U.C.C. (Public Policy) if you only exercise the benifits of an "agreement," it is presumed or implied that you intend to meet the obligations associated with those benefits?

F. CONCLUSION

1. Whether defense and prosecuting counsel's assistance amounted to ineffective assistance of counsel coupled with the above allegations, that created a legal disability and prejudice to the movant in the way of imprisonment, dishonor, and lost of liberty. without "due couse of law?"

WHAT FOLLOWS

IV. FRAUD

A. FRAUDULENT

1. Whether the government's prosecuter act(s) errors/ommissions, resulted to fraud under the uniform commercial code §2-210; provides that a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and <u>signed by the party against</u> whom enforcement is sought or by his authorized agent or broker?

B. FACTS

1. Whether the prosecutor fraudulently concealed the fact ~~(evidence) that a contract, (commerical Paper) under the U.C.C.~~

(Public Policy) presumed or implied that You (movant) intend to meet the obligations associated with those benifits?

2.  Whether the prosecutor errors or ommissions evidence fraudulent intent when the contract (indictment) created the legal disability to sui juris status associated with the name, Richard Harris?

    C.                    ISSUE:

1.  Whether the prosecutor's erros or ommissions caused prejudice to movant when it brought forth the purported indictment (quasi). Fraudulent concealment?

    D.                    RULES

1. Whether the knowledge of a factual element such as evidenced addressed directly to the senses without intervention of testimony. Real ("Thing) evidence such as fingerprints lifted from the counter of bank where robber of bank placed his hand(s) and such knowledge is suppressed, which frees the defendant (movant) as the perpetrator of the offenses that which occured within frame work of actual conduct of trial and pertaining to and affect determination of issue presented therein follows the conduct of intrinsic fraud?

2.  Whether the erros and ommissions of the prosecutor's conduct amounted to "Fraud upon the court"? Knowledge that other wise freed the defendant (movant) as the perpetrator of the offense?

    E.                    ANALYSIS AND DICUSSION

1.  Whether the bring suit/action against defendant (Movant) after knowledge that otherwise frees the defendant vitiates the

the contract?

2. Whether the prosecutor's mens rea concurrent with actus reus resulted the bring suit/action constitutes fraud?

F. <u>CONCLUSION</u>

1. Whether the errors and ommissions of the prosecuting and defense counsels amount to misconduct in office?

To with:

Misconduct in office any unlawful behavior by a officer in relation to the duties of his office, willful in character. Term embraces acts which the officer holder had no right to perform acts performed improperly, and failure to act in the face of an affirmative duty to act?

<u>WHAT FOLLOWS:</u>

Therefore movant asks that the court grant the following remedy and relief in concession with the federal administrative procedures act and the federal register act to be construed in harmony with the common law. (Without implementing regulation federal authorities proceed without force and effect of law.) And any other relief or remedy to which movant may be entitled.

PROOF SERVICE/PROCESS OF SERVICE

I declare under penalty of perjury that the foregoing is true and correct and that this memorandum in support of under U.S C. §2255 was placed in the prison mailing system on June 12 _____ 2008.

SIGNED June 12, 2008

*Richard* [signature]
Richard Harris
Movant
(U.C.C. 1-207.7)
(U.C.C. 1-103.6)
Without Prejudice

I, Richard Harris, declare under penalty of pejury that the foregoing is true and correct.

*Richard Harris* [signature]
Richard Harris