**FILED**

**NOT FOR PUBLICATION**

**JUN 18 2007**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RICHARD HARRIS,<br><br>Defendant - Appellant. | No. 06-10151<br><br>D.C. No. CR-03-00141-DAE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted June 8, 2007[**]
Honolulu, Hawaii

Before: ALARCON, BERZON, and TALLMAN, Circuit Judges.

Richard Harris appeals his jury conviction for bank robbery in violation of

18 U.S.C. § 2113(a) and the sentence imposed by Judge David A. Ezra of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

EXHIBIT "2"

United States District Court for the District of Hawaii. We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment.

1.  Sufficient evidence existed to support the jury's determination that Harris committed the bank robbery. While identification of the defendant as the perpetrator is always an essential element that the government must prove beyond a reasonable doubt, in-court identification by an eyewitness is not necessarily required, and identity may be inferred from the facts and circumstances in evidence. *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995). Here, the direct and circumstantial evidence—which included positive photo-identification by two eyewitnesses, an in-court identification as the person depicted in the photos selected as representing the perpetrator, Harris's possession of a bandana identified as that worn by the robber, testimony that Harris twice asked whether a bank teller would hand over money if presented with a demand note, testimony that Harris was not detected when he left the work furlough facility through a fire escape, the close proximity of the facility to the bank, and Harris's alteration of his appearance four days after the robbery—more than sufficed to support the jury's conviction.

2.  Harris failed to adduce any evidence that the absence of African Americans from the venire was the result of a systematic exclusion in the jury

selection process by the Hawaii district court. Therefore, he failed to establish a prima facie case of a violation of his Sixth Amendment right to a jury consisting of a representative cross-section of his peers. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979) (establishing a three-part test to establish a prima facie violation of the right to a jury venire which is representative of a cross-section of the community); *Randolph v. California*, 380 F.3d 1133, 1141 (9th Cir. 2004) ("A showing that a jury venire underrepresents an identifiable group is, without more, an insufficient showing of systematic exclusion under the third prong of the *Duren* test.").

3.   The district court expressly considered Harris's history and characteristics and the need for the sentence imposed. *See United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006) (holding that a judge need not delineate on the record all of the considerations listed in 18 U.S.C. § 3553(a) so long as he accurately calculates the Guidelines range and explains the sentence). Harris's sentence—which falls within the Guidelines range—was reasonable in light of his extensive criminal history and the circumstances surrounding his offense, including the fact that he committed the crime while assigned to a residential work furlough program ostensibly preparing to reenter the community.

**AFFIRMED.**