IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RICHARD HARRIS, | ) | CV. NO. 08-00291 DAE/KSC |
| | ) | CR. NO. 03-00141 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

BACKGROUND

Petitioner was indicted by a grand jury on March 28, 2003 for committing bank robbery by force, violence and intimidation in violation of 18 U.S.C. § 2113(a). Petitioner was convicted by a jury of this charge on October 6, 2003. Petitioner was sentenced to 125 months imprisonment on February 6, 2006.

Petitioner appealed his conviction and sentence. The Ninth Circuit affirmed the conviction and sentence on June 18, 2007. In discussing Petitioner's

argument regarding identification of him as the bank robber, the Ninth Circuit found that sufficient evidence supported the jury's finding that Petitioner committed the bank robbery in question.

Petitioner filed the instant motion, pro se, on June 16, 2008. The Government filed its opposition on August 29, 2008.

## STANDARD OF REVIEW

The Court shall hold an evidentiary hearing on the petitioner's Section 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

An evidentiary hearing is not required if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). Mere conclusory statements, without supporting evidence, are not sufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his

right to a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). The Court has discretion to ascertain whether a claim is substantial before granting a full evidentiary hearing. Sanders v. United States, 373 U.S. 1, 18 (1963).

## DISCUSSION

Although unclear, Petitioner appears to raise the following arguments: 1) this Court did not have jurisdiction to adjudicate the criminal case against him; 2) his due process rights were violated because there was no criminal complaint filed; 2) his trial counsel was ineffective for failing to challenge this Court's subject matter jurisdiction and for failing to introduce evidence of unidentified fingerprints at the bank; and 4) the prosecutor committed fraud by failing to match the fingerprints that were lifted from the bank.

First, Petitioner's jurisdictional argument, and his ineffective assistance of counsel claim based on that argument, are completely meritless. 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." "[D]efects in an indictment do not deprive a court of its power to adjudicate a case. . . . [A] district court has jurisdiction of all crimes cognizable under the authority of the United States[.]" United States v. Cotton, 535 U.S. 625, 630-31 (2002) (citations and quotation marks omitted).

Here, Petitioner was indicted by a grand jury for allegedly violating a federal bank robbery law.  Accordingly, this Court clearly had jurisdiction over the criminal matter.  Thus, Petitioner's counsel's failure to challenge that jurisdiction does not amount to ineffective assistance of counsel.

Second, because Petitioner was indicted by a grand jury, a criminal complaint was not necessary.  See Fed. R. Cr. P. 7; United States v. Henry, 447 U.S. 264, 295 (1980) ("the adversary system commences with indictment").

Third, in order to establish a claim of ineffective assistance of counsel, a Petitioner must demonstrate that (1) in light of all the circumstances, his counsel's performance was outside the "wide range of professionally competent assistance," by identifying specific material errors or omissions; and (2) his defense was so prejudiced by his counsel's errors that there is a reasonable probability that, but for his counsel's deficient representation, the result of the proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hensley v. Christ, 67 F.3d 181, 184-85 (9th Cir. 1995) (a petitioner must show that "his counsel's performance was so deficient that it fell below an 'objective standard of reasonableness.'  In addition, a [petitioner] must show that the deficient performance prejudiced the defense and made the trial

4

results unreliable."). To successfully demonstrate ineffective assistance of counsel, Petitioner must satisfy both prongs of the test.

In establishing the first prong of the test, the court should take into account that "counsel's representation must be only objectively reasonable, not flawless or to the highest degree of skill.. . . counsel's tactical decisions at trial, such as refraining from cross-examining a particular witness or from asking a particular line of questions, are given great deference and must similarly meet only objectively reasonable standards." Dows v. Wood, 211 F.3d 480, 487 (9th Cir. 2000) (citation omitted). In addition, the Petitioner must also overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also United States v. Austin, 817 F.2d 1352, 1354 (9th Cir. 1987) (there is a strong presumption that an attorney provided effective assistance); Michel v. Louisiana, 350 U.S. 91, 101 (1955) (Petitioner must overcome presumption of effectiveness, including the possibility that, under the circumstances, the challenged action might be considered sound trial strategy). Judicial scrutiny of counsel's performance must be highly deferential and must take into account the facts of the particular case, viewed at the time of counsel's conduct. See Strickland, 466 U.S. at 689-90.

Here, Petitioner argues that his counsel was ineffective for failing to argue about the lack of fingerprint evidence identifying Petitioner, and/or failing to point out that some fingerprints lifted from the bank were unidentified. Considering all the evidence introduced at trial identifying Petitioner as the bank robber, in conjunction with the jury's conviction, and the Ninth Circuit's finding that there was sufficient evidence to support an identification of Petitioner as the bank robber, this Court finds Petitioner's argument lacks merit. Petitioner cannot show that counsel's failure to address these fingerprinting issues was outside the "wide range of professionally competent assistance," and that his defense was prejudiced by that failure.

Finally, Petitioner's claim of fraud by the prosecution is nonsensical.

For these reasons, an evidentiary hearing is unnecessary and this Court DENIES Petitioner's motion.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 5, 2008.



_____
David Alan Ezra
United States District Judge

U.S. v. Harris, CV No. 08-00291 DAE-KSC, CR No. 03-00141 DAE; ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE